FILED
COURT OF APPEALS
DIVISION II

2013 JUL 30 AM 10: 32

STATE OF WASHINGTON

BY_____
         DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 42921-7-II |
| Respondent, | |
| v. | |
| RONNIE DEAN STRODE, JR., | UNPUBLISHED OPINION |
| Appellant. | |

PENOYAR, J. — Ronnie Dean Strode, Jr. appeals his conviction of unlawful possession of a controlled substance, arguing that the trial court erred by admitting propensity evidence under ER 404(b). Because Strode waived this claim of error by not raising it below and because this evidence was admissible under ER 401 and ER 403, we affirm.

## FACTS

Washington State Patrol Trooper Gary Lane stopped the car that Strode was driving for a license plate light violation and a cracked taillight. During the course of the traffic stop, Lane learned that Strode's driver's license was suspended. After informing Strode of his Miranda[1] rights, Lane placed him under arrest.

While performing a search incident to arrest, Lane found four prescription pill bottles in Strode's pockets. Three of these bottles were in Strode's name and contained Oxycodone and OxyContin. The fourth bottle, which contained Oxycodone, was in Keith Cory's name. The bottles in Strode's name were at least 75 percent full, for approximately 225 pills. The bottle in Cory's name contained 89 of the 90 pills prescribed.

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

Trooper Lane continued his search and found a black straw cut to a length of about 2 inches in another pocket. Lane observed white residue inside the straw. He then obtained Strode's permission to search the car and found a mirror on the passenger side floorboard. The mirror contained cut lines and white powder on the lines.

The State charged Strode by amended information with unlawful possession of a controlled substance and driving with a suspended license in the third degree.[2] Before trial, Strode moved to exclude any testimony concerning the straw or mirror, arguing that this evidence was irrelevant, highly prejudicial, and subject to exclusion under ER 401, 402, and 403. The State argued that this evidence was relevant to rebut Strode's anticipated unwitting possession defense. The trial court agreed with the State that Trooper Lane could testify that possession of the straw and mirror was indicative of drug use.

After testifying about his prior experience as a drug recognition expert, Lane stated that straws and mirrors could be used to ingest drugs. He added that Strode told him he was taking more pills than he should and that he was addicted to them. Strode also told Lane that he had accidentally taken Cory's bottle and would mail it back to him.

Delia Schill, Strode's former girlfriend, then testified on his behalf. Schill explained that Strode was driving her car at the time of his arrest and that she had bought the mirror on the floorboard to line a tray.

Strode testified that he takes pain medication for a degenerative spinal condition. He explained that when he visited Cory in Las Vegas the day before his arrest, Cory put a bottle of pills and some other items in Strode's carry-on bag for safekeeping. When Strode left to fly home, he forgot to return Cory's belongings. When he discovered them after arriving back in

---

[2] The trial court dismissed the license charge before trial.

2

Portland, Strode put the pills in his pocket and left Cory's other belongings in the car console. Strode denied that there was residue on the mirror, and he explained that he got the straw from a coffee stand.

The trial court instructed the jury on the defense of unwitting possession and explained that possession of a controlled substance is unwitting if the person did not know the substance was in his possession. The prosecuting attorney argued in closing that the circumstantial evidence of Strode's drug use, including the straw and mirror, disproved his defense of unwitting possession. The jury found Strode guilty as charged and the trial court sentenced him to 21 days in jail.

## ANALYSIS

### ADMISSIBILITY OF EVIDENCE REGARDING STRAW AND MIRROR

Strode challenges the trial court's decision to admit Trooper Lane's testimony concerning the straw and mirror. We review the admission of this testimony to determine whether that admission was manifestly unreasonable or based on untenable grounds or reasons. *State v. Lormor,* 172 Wn.2d 85, 94, 257 P.3d 624 (2011); *State ex rel. Carroll v. Junker,* 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

Strode argues on appeal that ER 404(b) governs the admission of this evidence, but he did not make this argument in objecting to this evidence below. Consequently, we will not address the applicability of ER 404(b). *See State v. Boast,* 87 Wn.2d 447, 451, 553 P.2d 1322 (1976) (party may assign error in appellate court only on specific ground of evidentiary objection made at trial). Strode did argue at trial, as he does on appeal, that the straw and mirror evidence was not relevant to any issue before the court and was unduly prejudicial, so we will address the admissibility of this evidence under ER 401 and ER 403.

3

ER 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Under Rule 401, evidence is not considered relevant unless (1) it has a tendency to prove or disprove a fact, and (2) that fact is of some consequence in the context of the other facts and the applicable substantive law. 5D KARL B. TEGLAND, WASHINGTON PRACTICE: COURTROOM HANDBOOK ON WASHINGTON EVIDENCE, Rule 401, at 212 (2012-13 ed.) (citing *State v. Sargent*, 40 Wn. App. 340, 698 P.2d 598 (1985)). Evidence is relevant if it has any tendency to make the existence of a material fact more or less probable. *State v. Lord*, 161 Wn.2d 276, 294, 165 P.3d 1251 (2007).

The trial court ruled initially that Lane's testimony concerning the straw and mirror was relevant to support the State's theory that Strode was using Cory's pills unlawfully. This evidence also was relevant to disprove Strode's claim of unwitting possession, as it showed his intended use of Cory's pills. The trial court's assessment of the relevance of this evidence was not manifestly unreasonable.

Nor do we see that this evidence was unduly prejudicial under ER 403. Evidence is not rendered inadmissible under ER 403 just because it may be prejudicial. *Carson v. Fine*, 123 Wn.2d 206, 224, 867 P.2d 610 (1994). ER 403 is concerned with unfair prejudice, which is caused by evidence likely to arouse an emotional rather than rational response among jurors. *Carson*, 123 Wn.2d at 223. Rule 403 is considered an extraordinary remedy, and the burden is on the party seeking to exclude the evidence to show that its probative value is substantially outweighed by its undesirable characteristics. 5D KARL B. TEGLAND, WASHINGTON PRACTICE: COURTROOM HANDBOOK ON EVIDENCE, Rule 403, at 235 (2012-13 ed.).

We do not consider Trooper Lane's testimony about the significance of the straw and mirror to be unfairly prejudicial. Strode was found in possession of someone else's pain pills, in addition to three bottles of his own pills, and he admitted to Trooper Lane that he was addicted to them. The evidence that he could have ingested this medicine by using the straw and mirror was not likely to provoke an emotional response among the jurors, and we do not view the admission of this evidence as unreasonable under ER 403.

Affirmed.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Penoyar, J.

We concur:

Hunt, J.

Bjorgen, J.